(C. D. 101)

STANDARD EMBOSSING PLATE MFG. CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 17, 1939)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.

*Joseph R. Jackson*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of steel embossing rollers. Duty was levied thereon at the rate of 50 per centum ad valorem under the provision in paragraph 352 of the

Tariff Act of 1930 for "milling cutters, taps, dies, die heads, and metal-cutting tools of all descriptions * * * composed of steel or substitutes for steel." It is claimed that said articles are properly dutiable at the rate of 30 per centum ad valorem under the *eo nomine* provision in paragraph 395 of said act for "embossing rollers of steel or other metal."

A photograph of a roller similar to those in question was submitted in evidence as Illustrative Exhibit A. In addition thereto the plaintiff offered in evidence the testimony of a single witness, Christian Fleissner, president of the plaintiff corporation, who testified that he had used merchandise like Illustrative Exhibit A many times in his own business and had seen it used in other places; that he had never seen it used except on leather or imitation leather; that he never attempted to emboss or cut metal with merchandise like Illustrative Exhibit A; and that he did not know whether or not it would operate on metal.

On cross-examination he testified that the rollers in question were from 4 to 7 inches wide; that it is not true that the small roller in question transfers the design to a larger roller; and that he used the rollers in question on leather for pressing men's belts.

The Government offered in evidence the testimony of Arthur L. Perry, United States examiner of merchandise at the port of Newark. He testified that he had passed the importation herein; that he had examined the rollers which Government counsel had obtained from the importer's attorney; that at the time of passing this merchandise he had made a little diagram of the same on the invoice, putting down the dimensions of each roller; that these dimensions were not the same as the dimensions of the rollers obtained from the importer's attorney; that consequently he went to the importer's place of business and saw the witness Christian Fleissner; that he was shown samples of the leather and also rollers from which impressions were made on the leather; that he saw one roller which had "Germany" die-sunk thereon at the end of the shank which he found by measurement to be about 5 inches long by 2 inches in diameter; that this roller which he saw at the factory was the same as that covered by the entry accompanying protests 735348–G, etc.

On cross-examination he testified that on the entry accompanying protest 735348–G he had noted in red ink the words "for embossing leather; see pencil sketch on attached sheet"; that on the invoice accompanying entry 70516 covered by protest 750025–G the notation "for embossing leather" was in his handwriting.

Upon this record counsel for the Government in his brief filed herein contends that the plaintiff has failed to sustain the burden of proving the classification of the collector to be erroneous and the claimed

classification to be correct. Government counsel stressed the exact dimensions of the rollers in question, there being no sample taken directly from the importation herein. In our opinion, however, the record clearly discloses that the merchandise herein consists of steel embossing rollers for which there is an *eo nomine* provision in paragraph 395.

The exact dimensions of the rollers in inches are, in our opinion, immaterial where the evidence, as in this case, is uncontradicted that the articles in question were actually steel embossing rollers. Moreover, it is significant that the examiner who passed upon the merchandise in the first instance by noting on the entries that the rollers in question were for embossing on leather corroborates the uncontradicted evidence of the plaintiff's witness that these rollers were not used for cutting metal.

On the entire record we hold that the rollers in question are properly dutiable at the rate of 30 per centum ad valorem under the provision in paragraph 395 of said act for "embossing rollers of steel" as alleged by the plaintiff. That claim of the plaintiff is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.